## Case No. 11,414.

PRICE et al. v. MORRIS et al.

[5 McLean, 4.] [1]

Circuit Court. D. Ohio. Oct. 1849.

EXECUTORS AND ADMINISTRATORS—LETTERS GRANT-ED IN ANOTHER STATE — AUTHORITY TO SUE— CERTIFICATION—PURCHASE BY ADMINISTRATOR—DEPOSITION TAKEN BEFORE MAYOR.

1. Administrators or executors in another state, may sue in this state under the laws of Ohio.

2. A grant of letters duly certified is sufficient authority to sue in Ohio.

3. A deposition taken before a mayor, without a seal, may be received as prima facie evidence of the right to take it.

4. Where an administrator becomes a purchaser, at his own sale of real estate, the sale may be set aside at the discretion of the parties interested.

5. Such sale is voidable, though no fraud be shown.

[This was an action by J. P. Price and others against Isaiah Morris and others, to recover certain land.]

Thompson & Andrews, for plaintiffs.
Scott & Frazer, for defendants.

OPINION OF THE COURT. This is an action of ejectment, brought to recover seventeen hundred and fifty acres of land, in Clinton county.

1. A certified copy of the patent was introduced by the lessors, Brook Duvall and Maria French, heirs of Daniel Duvall, deceased, dated 19th August, 1807. 2. A deed from William French and wife who married Maria French, dated 2d Nov. 1807, to the lessors of the plaintiff, four of the heirs of William D. Price, for one undivided half and five-sevenths of an undivided half. 3. Deed from William D. Price to James Price.

The marriage of Maria French was proved, and that she had seven children, some of whom died before the mother. They lived in Virginia. The heirship of the other parties proved by different witnesses. It was objected that the chief magistrate of Fayetteville, before whom some of the depositions were taken, did not certify the same under his seal, and that there was no proof of his official character. The depositions being certified by him as mayor, the court will presume that he is mayor unless the contrary be shown. He may have no seal. The certificate of a person named in the act of congress, as having authority to take depositions, is received prima facie, without further proof of his authority. The defendants claim under a sale by William Duvall, administrator of William Price; the proceedings in the court of common pleas, authorizing the sale were in evidence, and also the deed of the administrator, for the land sold to Haworths, dated 1st March, 1811. And

1 [Reported by Hon. John McLean, Circuit Justice.]

the account of the administrator rendered to the probate court, showed the payment of the consideration. The two hundred and forty-second section of the law of Ohio, respecting executors and administrators, provides, "that an executor or administrator duly appointed in any other state or country may commence and prosecute any action or suit in law or equity, in any court in this state, in his capacity of executor or administrator, in like manner, and under like restrictions, as a non-resident may be permitted to sue."

It is objected that there was no sufficient evidence that Duvall was appointed administrator; but the court held that the record of his appointment and the letters of administration, duly certified, were a sufficient authority for him to act as such in this state.

It was also objected that an administrator cannot sell to himself. It appears that Henry A. Christian bid off the land for Duvall, the administrator. A trustee cannot sell to himself; at least such a sale though not void, there being no fraud, yet it may be avoided at the discretion of the party interested.

In their charge to the jury, the court said: In this case the legal title must prevail. The patent to Brook Duvall and Maria French, heirs of Daniel Duvall, deceased, is dated the 19th of August, 1807. On the 2d of November, the land was conveyed by William French and Maria his wife, and Humphrey Brook Duvall to William Price. And the jury are to inquire whether Humphrey Brook Duvall and the persons named in the patent are the heirs of Daniel Duvall. That Humphrey was one of the heirs seems to be probable, from the fact that he united with Maria French and her husband, who owned one-half the land, and of whose identity there is no question, in executing a conveyance of the land. It was proved that William Duvall died the latter part of the year 1808. He left several children his heirs, who are the lessors of the plaintiff, and who are proved to have lived in Virginia and other states than Ohio, from their early years. On the 1st of August, 1842, the heirs of Maria French with one exception, executed a deed of confirmation for the land to the heirs of William Price. The above constitutes the title of the plaintiff.

On the 12th of November, 1808, administration was granted in Virginia to William Duvall, on the estate of William Price. Under the authority of the court of common pleas of Warren county, he sold, as administrator, an undivided half of the land in controversy to George and James Haworth. And in the same deed one moiety of the tract on his own account. In the deed it is stated that the land was patented in the name of Brook Duvall and Maria French, heirs of Daniel Duvall, deceased. J. C. Travis proves the

heirs of Humphrey Brook Duvall, deceased, and that they reside in the states of Kentucky and Tennessee. The time of Duvall's death is not stated.

In relation to the statute of limitations which is set up in defense. Malon Haworth states that in the fall of 1804, George Haworth lived on the land. Witness has lived adjoining to the land since 1804. Mr. Frazer proves possession of George and James Haworth in 1804. Another witness proves that in 1809, in March, he saw George and James Haworth at his house, and that they informed him they were on their way to old Virginia, with a view of buying the land now in controversy. Henry A. Chirty, now reported to be dead, came to the country, as the agent of William Duvall, before Haworths returned. He made the application to the court on which the sale was ordered, and he purchased the land. It does not appear how William Duvall became interested in the land, owning an undivided moiety, unless by his purchase at his own sale as administrator. He was not one of the heirs of Daniel Duvall. And if his interest was acquired as above stated, the heirs had a right to set aside the purchase, merely on the ground that he could not be the purchaser at his own sale. This is contrary to the policy of the law, and is voidable on that ground.

The statute of limitations at that time did not run against non-residents, and possession before the emanation of the patent, did not run against the state. If the possession was adverse, and the non-resident who owns the land should come into the state, the statute would begin to run from such time.

Upon the whole, gentlemen of the jury, so far as the sale was made by the administrator, in his capacity as such, there seems to be no legal objection against the right, but it is not shown in the case that William Duvall had any other right than that which he supposed himself to acquire at his own sale; and which purchase the heirs object to by bringing the present action.

The jury found upon the first demise of the declaration, that the defendants are guilty in manner and form as the plaintiffs have declared against them, as to three-fourths of an undivided half of said premises in said demise and consent rules mentioned, being three-fourths of that part of said undivided half, which the defendants claim to hold under William Duvall by deed made by said Duvall, purporting to come in his own right, said half to James and George Haworth; and as to the residue of said estate and premises and the demises in said declaration, the jury do find the defendants not guilty. And thereupon the plaintiffs' counsel moved for a new trial, on which motion the cause was continued. At the next term the cause, at the instance of the counsel, was entered as settled, at the plaintiff's cost, judgment, &c.